Learned, P. J.
The court should never remove a public officer for acts done prior to his present term of office. To do otherwise would be to deprive the people of their right to elect their officers.
When the people have elected a man to office it must be „ assumed that they did this with knowledge of his life and character, and that they disregarded or forgave his faults or misconduct, if he had been guilty of any. It is not for the court, by reason of such faults or misconduct, to practically overrule the will of the people.
We will not say that, on an application like the present, evidence of acts done prior to the term of office might not sometimes be admissible, where such acts would tend to characterize other acts committed during the existing term. In civil and in criminal actions there are a few rather exceptional cases in which proof of other acts of a party may be received in order to characterize the act which is the ground of action or defense. The object is generally to show intent or motive.
But that doctrine should be very cautiously applied in such a case as the present. The inquiry should be limited to acts done during the existing term of office, unless some light can be thrown on those acts from previous conduct.
Applying these rules to the present case we find that the respondent’s present term of office commenced January 1, 1887. Of all the charges presented the only one which affects the present term is that in or about December, 1886, and in the fore part of January, 1887, the respondent was in a state of gross intoxication, and because thereof absented himself from his office, neglected to perform, and was unable to perform its duties.
Perhaps, however, we should mention a general charge *324 of failing to pay over to the supervisors on or before the fifth day of every month, moneys received for costs, fees, etc. This might include a failure to pay on the 5th of January, 1887. We find no other charges which extend into the present term of office.
The charges presented to us are verified by an affidavit of Carlos B. Conant, that they are true to the best of his knowledge, information and belief. Such an affidavit does not show that the affiant has any knowledge on the subject whatever.
In. reply there is presented the respondent’s affidavit, in which he denies specially all of the charges; not only those which have been above mentioned as coming within his present term but all the others which respect acts prior thereto: The denial throughout is as full as it can be made and is verified as true to deponent’s knowledge.
In addition the respondent avers the bad character of the complainant, and states that there are two indictments pending against him for criminal libel; and states respondent’s belief that these charges are presented to bring about a discontinuance of these indictments, of which copies are given:
The respondent further presents the affidavits of three persons, each of whom states that from about December 24, 1886, to January 10, 1887, the respondent was confined to his house by a severe cold; that at no time during that period was he drank or under the influence of intoxicants; and that one of these persons was with him every day as nurse.
This might, be considered a sufficient answer to that part of the charges which are within the present term. But the greater part of the charges respects acts of the respondent during previous terms of office. And, without going over them in detail, it may be said that they are generally charges of intoxication while acting officially.
To these charges also the respondent opposes many affidavits. We may briefly mention some:
Charles F. Doyle, recorder of Cohoes for eight years, denies that respondent was convicted of intoxication in that city, and speaks well of the respondent’s conduct in office.
E. P. Bellinger, chief of police of Green Island, gives a similar contradiction to another specific charge.
Sixteen members of the police force deny the charges of intoxication made against respondent.
Several parties, who have at times taken the place of the respondent, make affidavits that for such services they were paid by him and not by the town.
Peter A. Rogers, for twelve years surrogate of the county; D. Cady Herrick, for nearly six years district attorney of the county; LaMott W. Rhodes, district attorney of Rens *325 selaer county, and Arthur T. Phelps, cashier of the National bank in West Troy, make affidavits stating that the respondent has discharged the duties of his office with intelligence and fidelity.
To these may be added Waters W. Braman, member of assembly and senator; Joseph Hynes, president of Green Island; John Reilly, commissioner to the Albany penitentiary, and several others.
Finally, there are added affidavits of some twenty-five persons stating that they know the reputation of Conant; that it is bad and that they would not believe him under oath.
This brief summary of the evidence before us tends to show that the charges against the respondent are, or may be fully answered.
The counsel for the complainant urges that the charges were presented under an expectation that the court would order a reference or hear testimony in some other way, and therefore corroborating affidavits which might have been presented were not; and that if an opportunity should now be given, either by a reference or in any other manner, to produce proof to support these charges, abundant proof would be supplied.
But it is a serious matter, both to the respondent and to the public, to begin such an investigation, either before a referee or otherwise. The pendency of such an investigation would weaken the authority of the magistrate. It would be difficult for him to enforce tho law against offenders who knew that he was himself undergoing a trial. A reference would be especially objectionable. It would be long and tedious, and would afford an opportunity for every one punished in the police court to try his case over again before the referee.
A hearing before this court would be less objectionable. But the respondent should not be subjected to that until we have been convinced that there is good reason therefor. We will not place the respondent upon trial until we are satisfied that the good of the people demands this.
When charges, supported only by the information and belief of the complainant, who is discredited with respect to character and motive, and who is not corroborated, have been thus answered, they should be dismissed.
It would be unjust to the respondent to require him to make any further answer. And the complainant cannot be permitted to harass the respondent, and thus to interfere "with the regular discharge of the respondent’s duties by offering to produce more proof if opportunity is given.
.The charges are dismissed.
Landón and Parker, JJ., concur.